## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| _____ ) | **Case Number** |
| **AMIL BERTOCKI** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | **CIVIL COMPLAINT** |
| **vs.** ) | |
| ) | |
| **ARS NATIONAL SERVICES, INC.** ) | **JURY TRIAL DEMANDED** |
| ) | |
| **Defendant** ) | |
| _____ ) | |

### COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Amil Bertocki, by and through his undersigned counsel,

Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant and

respectfully avers as follows:

### I.    INTRODUCTORY STATEMENT

1.    Plaintiff, Amil Bertocki, is an adult natural person and brings this action for

actual and statutory damages and other relief against Defendant for violations of the Fair

Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt

collectors from engaging in abusive, deceptive and unfair practices.

### II.    JURISDICTION

2.    Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C.

§1337.

3.      Venue in this District is proper in that the Plaintiff resides in this District and the Defendant transacts business in this District.

### III.   PARTIES

4.      Plaintiff, Amil Bertocki ("Plaintiff") is an adult natural person residing at 444 East Drinker Street, Dunmore, PA 18512.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, ARS National Services, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of California with its principal place of business located at 960 South Andreasen Drive, Suite B, Escondido, CA 92029.

6.      Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.   FACTUAL ALLEGATIONS

7.      In or around August 2010, the Plaintiff began receiving phone calls from the Defendant regarding an alleged debt to Chase.

8.      The Plaintiff spoke with an agent of the Defendant named, "Melissa" whom the Plaintiff told he would not give any information to over the phone.  The Plaintiff requested that the Defendant send information through the mail and for the Defendant to stop calling until doing so.

9.      The Defendant's agent was not willing to honor the Plaintiff's request and continued to tell the Plaintiff to make a payment.

10.     The Defendant has contacted the Plaintiff's ex-wife on her cell phone multiple times and has done so after speaking with the Plaintiff.

11.     The Defendant's relentless phone calls to the Plaintiff's ex-wife have caused distress and discord between the Plaintiff and the Plaintiff's ex-wife.

12.     The Plaintiff's ex-wife spoke with the Defendant's agent, "Melissa," who told the Plaintiff's ex-wife that the Defendant was calling in regard to a debt owed by the Plaintiff on a pass due account for a Chase credit card along with revealing the specific reference number.

13.     The Defendant continued to contact both the Plaintiff and the Plaintiff's ex-wife on their cell phones.

14.     The Plaintiff has repeatedly told the Defendant to stop calling him and his ex-wife, which the Defendant has chosen to ignore.

15.     The Plaintiff has yet to receive anything through the mail from the Defendant regarding the alleged debt.

16.     The Plaintiff received another call in which he spoke with the Defendant's agent who was very pushy in trying to get the Plaintiff to make a payment right away.

17.     The Plaintiff again told the Defendant's agent to stop calling the Plaintiff's ex-wife but the agent told the Plaintiff that the Defendant can do whatever is needed to collect the alleged debt.

18.     The Defendant still proceeded to contact both the Plaintiff and the Plaintiff's ex-wife after explicitly being told multiple times not to do so.

19.     The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

20.     The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

21.     The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

22.     At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

23.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

24.     As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – FDCPA

25.     The above paragraphs are hereby incorporated herein by reference.

26.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

27.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

§§ 1692b(2):          Contact of Third Party:  Stated that the consumer owes any debt

§§ 1692b(3):          Contact of Third Party:  Contacted a person more than once, unless requested to do so

§§ 1692c(a)(1):       At any unusual time, unusual place, or unusual time and place known to be inconvenient to the consumer

§§ 1692c(b):          With anyone except consumer, consumer's attorney, or credit bureau concerning the debt

§§ 1692d:             Any conduct the natural consequence of which is to harass, oppress, or abuse any person

§§ 1692d(5):          Caused the phone to ring or engaged any person in telephone conversations repeatedly

§§ 1692e:             Any other false, deceptive, or misleading representation or means in connection with the debt collection

§§ 1692f:          Any unfair or unconscionable means to collect or

                   attempt to collect the alleged debt

§§ 1692g:          Failure to send the consumer a 30-day validation

                   notice within five days of the initial communication

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his

favor and against Defendant, ARS National Services, Inc. and Order the following relief:

a.     Actual damages;

b.     Statutory damages pursuant to 15 U.S.C. §1692k;

c.     Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k;

and

d.     Such addition and further relief as may be appropriate or that the interests of

justice require.

## V.     JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date:  November 4, 2010**

**BY: /s/ Brent F. Vullings**

Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff